CANADY, J.,
dissenting.
Although I agree that the Court has express and direct conflict jurisdiction, I would nonetheless discharge this case.
*680 The majority correctly recognizes that Dougherty’s incompetency claim is a claim of trial court error that is not cognizable in a postconviction proceeding. The majority’s discussion of the incompetency issue— which is the basis for our conflict jurisdiction — thus constitutes an abstract legal discussion that has no application to the case on review. The majority effectively acknowledges this when it observes that it does “not address application of our holding to the specific circumstances of his case.” Majority op. at 676. “Judicial declaration, unaccompanied by judicial application, is of no authority.-” John W. Sal-mond, The Theoi*y of Judicial Precedents, 16 L.Q. Rev. 376, 389 (1900). Because what the Court says here on the conflict issue has no application in this case, the Court should refrain from saying it. The subject of the conflict should be resolved in a future case when it is properly at issue.
Accordingly, I dissent.
POLSTON, J., concurs.